[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 29, 2005
THOMAS  K. KAHN
CLERK

_____

No. 03-11689
Non-Argument Calendar

_____

D. C. Docket No. 99-00003-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO ALLEN,
 a.k.a Tony Wright, etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 29, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This case is before us for consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). Allen v. United States, __ U.S. __, 125 S. Ct. 1023 (2005). We previously affirmed Allen's convictions but vacated his sentence and remanded for re-sentencing based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). See United States v. Allen, 302 F.3d 1260, 1276, 1278-80 (11th Cir. 2002) ("Allen I"). Based on Apprendi, Allen had argued that the district court erred in sentencing him higher than the statutory maximum for minimum drug quantities contained in 21 U.S.C. § 841(b)(1)(C) because the quantity of drugs was neither specified in the indictment nor presented to the jury. Id. at 1276. At re-sentencing, the district court found that, although only 158 grams of cocaine and 55 grams of crack cocaine (or the equivalent of 1,131 kilograms of marijuana) were seized from Allen's residence, he should be held accountable, as a result of his leadership role, for the quantity of drugs distributed by the other members of the conspiracy, which it calculated as 3,000 kg of marijuana equivalent. United States v. Allen, No. 03-11689, slip op. at 6 (11th Cir. Feb. 5, 2004) ("Allen II"). It sentenced Allen to concurrent sentences of 235 months on one count and 60 months on another count. Id. at 2; R5 at 40-41. Following re-sentencing, Allen again appealed and we affirmed. Allen II at 1, 8. On appeal, Allen had again argued that the district court erred by making findings of fact regarding Allen's

accountability for a particular quantity of drugs.  Id. at 4-5.  We found that the district court's factual findings were not clearly erroneous because its approximation as to the quantity of drugs was "reasonably fair, accurate, and conservative, and not merely speculative."  Id. at 6-7 (citation and internal punctuation omitted).  The Supreme Court vacated our prior judgment and remanded for further consideration in light of Booker.

After remand, we directed the parties to file supplemental briefs providing the court with:  (1) a  description of when, where, and how the Booker issue was first raised; and (2) any arguments about whether and how the Booker decision applies in this case and what action should be taken.  In supplemental briefing, Allen argues that the district court erred by sentencing him based on fact-finding about both the type and quantity of the drugs to which Allen was held accountable and regarding Allen's possession of a firearm.  The government concedes that the district court erred by sentencing Allen under a mandatory guidelines scheme and to a sentence which exceeded the maximum authorized by jury fact-finding.  It also concedes that Allen raised a constitutional error issue under Apprendi on appeal and at re-sentencing and is thus entitled to a harmless-error review.[1]

---

[1] As we noted in Allen I, although Apprendi had not been filed at the time of the initial sentencing, the district court was aware of decisions from other circuits which had addressed sentencing issues arising from a conspiracy involving multiple controlled substances, no special verdict as to the various substances, and differing maximum sentences based on the quantity of

3

There are two types of Booker error–(1) a "constitutional" error of imposing a sentence enhancement based upon a judicial finding that goes beyond the facts admitted by a defendant or found by a jury, and (2) a "statutory" error of imposing a sentence under a mandatory guidelines system. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). We review the constitutional error de novo and, unless the government can demonstrate that the error was harmless beyond a reasonable doubt, will reverse and remand. United States v. Paz, 405 F.3d 946, 948-49 (11th Cir. 2005) (per curiam). Under the harmless-analysis, the government must show that the constitutional sentencing error neither contributed to the defendant's sentence nor otherwise affected the defendant's substantial rights. Id. at 948. "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance . . . that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (per curiam) (citation and quotation omitted). In reviewing

drugs for each substance. See Allen I, 302 F.3d at 1267-68. In light of Apprendi, we conducted a plain error review and determined that Allen's sentence should be properly limited to the statutory maximum for the quantity of drugs that was "essentially uncontroverted" and supported by "overwhelming" evidence. Allen I, 302 F.3d at 1278-79.

An issued raised under Apprendi raises by extension an issue pursuant to Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004) and United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). See United States v. Grant, 397 F.3d 1330, 1331 n.2 (11th Cir. 2005).

4

the district court's mandatory use of the guidelines, the government is unable to meet its burden to show harmlessness or no effect on substantial rights if the record does not indicate whether or not the district court would have sentenced the defendant the same under an advisory sentencing scheme. United States v. Davis, 407 F.3d 1269, 1271-72 (11th Cir. May 4, 2005) (per curiam).

Allen's Sixth Amendment rights were violated when the district court enhanced his sentence, under a mandatory guidelines system, based on facts not found by a jury or admitted by Allen. The district court increased Allen's sentence based on facts which were neither found by the jury nor admitted by Allen regarding the quantity of drugs involved in Allen's conviction and regarding his possession of a weapon. The district court also sentenced Allen under a mandatory Guidelines scheme.

The government cannot meet its burden. Although we have previously held that the district court's factual finding regarding the quantity of drugs was based on a "'reasonably fair, accurate, and conservative, and not merely speculative'" approximation, Allen II, at 7-8 (citation and internal punctuation omitted), in light of Booker, that finding is no longer appropriate. Because the district court cannot enhance Allen's sentence based solely on a judicially-found fact pursuant to a mandatory guidelines scheme, it cannot consider factors not found by the jury.

5

Specifically, because the jury found Allen guilty of offenses involving only cocaine and marijuana, the district court cannot enhance Allen's sentence for his involvement with cocaine base. Further, we do not know how the district court would have sentenced Allen if it had treated the guidelines as advisory rather than mandatory and if it had considered the factors in 18 U.S.C. § 3553(a).

In light of Booker, the district court violated Allen's Sixth Amendment rights by enhancing his sentence based solely on judicially found facts pursuant to a mandatory, rather than advisory, sentencing scheme. We, therefore, REVERSE and REMAND for re-sentencing consistent with Booker.

**REVERSED** and **REMANDED**.