[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16984
Non-Argument Calendar

_____

D. C. Docket No. 99-00003-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATRAVIS GALLASHAW,
a.k.a. Trav,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 4, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Latravis Gallashaw appeals his sentence imposed after re-sentencing for

conspiracy to possess with intent to distribute cocaine and marijuana, possession of

marijuana with the intent to distribute, and possession of cocaine with the intent to

distribute.[1] On appeal, Gallashaw argues that his sentence is unreasonable, and

that the district court erred in (1) sentencing him based on relevant conduct

involving 150 kilograms of cocaine distributed during the course of the conspiracy;

(2) determining that Gallashaw was a manager or supervisor in a criminal activity

involving five or more participants; and (3) determining that firearms were

possessed during the course of the offense. Gallashaw also argues that his sentence

violated his right to have every element of the offenses of which he was convicted

determined by a jury. For the reasons discussed below, we AFFIRM Gallashaw's

sentence.

## I. DISCUSSION

We review a sentence imposed by the district court for reasonableness. See

United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam) (citing

United States v. Booker, 543 U.S. 220, 260-61, 125 S. Ct. 738, 765 (2005)). This

reasonableness inquiry is guided by the factors set forth at 18 U.S.C. § 3553(a),

including the applicable United States Sentencing Guidelines range. See United

---

[1] In United States v. Allen, No. 03-11389, 142 F. App'x 410 (11th Cir. July 29, 2005), we vacated Gallashaw's prior sentence and remanded for resentencing. The procedural background of this case is set forth therein. See Allen, 142 F. App'x at 411-12.

States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam); Booker, 543 U.S. at 261, 125 S.Ct. at 765-66. After Booker, the sentencing process involves two steps. First, a sentencing court must correctly calculate the range provided by the guidelines. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). Second, the court must determine a reasonable sentencing, taking into consideration the § 3553(a) factors. Talley, 431 F.3d at 786. Accordingly, we must determine whether the district court correctly calculated Gallashaw's guideline sentence, and whether the sentence ultimately imposed was reasonable. In determining whether the district court correctly calculated the guideline range, we review findings of fact regarding sentencing for clear error and review the district court's application of those facts to the sentencing guidelines *de novo*. United States v. Smith, 127 F.3d 1388, 1389 (11th Cir. 1997) (per curiam).

A.  Sentencing Guideline Range

In determining Gallashaw's guideline range, the district court first calculated a single offense level, which it applied in sentencing Gallashaw on all counts of which he was convicted. Under the sentencing guidelines, multiple counts are properly grouped for determination of a single overall offense level "[w]hen the offense level is determined largely on the basis of . . . the quantity of a substance involved . . . ." U.S.S.G. § 3D1.2(d) (Nov. 2005). Gallashaw was convicted on

3

one count of conspiracy to posses with the intent to distribute cocaine and marijuana, and three counts of possession with the intent to distribute drugs. The offense level for each of these counts set forth in § 2D1.1(c), and "is determined largely on the basis of . . . the quantity of a substance involved." See U.S.S.G. § 3D1.2(d). Accordingly, § 3D1.2(d) requires grouping, and the district court acted properly in determining a single overall offense level.

Gallashaw, however, argues that the district court committed three errors in calculating his overall offense level. First, he argues that the district court improperly determined that his relevant conduct involved over 150 kilograms of cocaine. Second, he contends that the court erred in determining he was a manager or supervisor in a criminal activity involving five or more participants. Finally, he argues that the court erred in determining that firearms were possessed during the course of the offense. We address each of these arguments in turn.

1. The District Court's Determination Regarding Drug Quantity

The district court did not err in determining that Gallashaw's relevant conduct included 150 kilograms of cocaine. Section 1B1.3(a)(1) provides that, in determining relevant conduct, a sentencing court is to consider:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

4

> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity . . . .

Relevant conduct under § 1B1.3 need not be proven beyond a reasonable doubt; rather, a sentencing court may consider relevant conduct that was established at trial by a preponderance of the evidence. See United States v. Hristov, 466 F.3d 949, 954 n.6 (11th Cir. 2006). Indeed, we have held that a sentencing court may even consider "relevant conduct of which a defendant was acquitted . . . as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence." United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 432 (2005) (quoting United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997)) (alteration omitted).

The district court determined, on the basis of trial testimony, that Gallashaw was the second in command of his gang, the John Does, and oversaw its drug-selling operations. Accordingly, the court found that Gallashaw was responsible for the amount of cocaine that passed through the John Does during the relevant time period. Trial and deposition testimony established that the John Does packaged 5 to 7 kilograms of cocaine a week for a period of approximately ten months, or well over 150 kilograms. The district court did not clearly err in

crediting this testimony, and under § 1B1.3(a)(1), the quantity of drugs that passed

through the John Does was properly considered relevant conduct in determining

Gallashaw's overall offense level.  Moreover, because the four counts of

conviction were grouped under § 3D1.2(d), the district court was required to

consider the aggregate quantity of drugs in calculating its overall offense level.

See U.S.S.G. § 3D1.3(b) ("In the case of counts grouped together pursuant to §

3D1.2(d), the offense level applicable to a Group is the offense level corresponding

to the aggregated quantity . . . .").

> 2.  The District Court's Determination Regarding Role as Manager or
>     Supervisor

The district court properly applied § 3B1.1(b) of the sentencing guidelines,

which provides for a three-level upward adjustment "[i]f the defendant was a

manager or supervisor . . . and the criminal activity involved five or more

participants or was otherwise extensive."  Several government witnesses, including

Jeffrey Bullard, John Goodine, Eric Mitchell, and Charles Clark, testified that

Gallashaw: (1) was second in command in the John Doe hierarchy; (2) paid other

members of the gang; (3) dictated the amount of drugs to be packaged for

distribution; (4) stored drugs for the John Does at his home; and (5) recruited John

Doe members.  This testimony was sufficient to establish by a preponderance of

the evidence that Gallashaw served as a manager or supervisor within the meaning

6

of § 3B1.1(b).  See United States v. LaFraugh, 893 F.2d 314, 319 (11th Cir. 1990) (upholding district court's application of managerial role adjustment where defendant "illegally obtained a large number of [stolen long distance telephone service] access codes, sold them to others, offered assistance when people had trouble using them, and communicated with his brother, his girlfriend and others in the conspiracy at regular intervals").  In addition, trial testimony established that the criminal activity involved more than five participants.  Thus, the district court did not clearly err applying an upward adjustment under § 3B1.1(b).

3.  The District Court's Determination Regarding Possession of a Firearm

Gallashaw also argues that the district court erred in applying a two-level upward adjustment under § 2D1.1(b)(1) for possession of a firearm.  We disagree. Bullard testified that Gallashaw shot another gang member, Marlon Benneby, and beat him with a pistol at a John Doe drug hole.  Bullard's testimony was sufficient for the district court to find by a preponderance of the evidence that Gallashaw possessed a firearm.  See United States v. Lee, 68 F.3d 1267, 1276 (11th Cir. 1995) ("[W]e give great deference to the district court's assessment of the credibility and evidentiary content of [witnesses'] testimony." (citation omitted)).  Though Gallashaw argues that Bullard later gave contradictory testimony in connection with a separate state-court proceeding, Gallashaw has not demonstrated that the

7

district court clearly erred in crediting Bullard's testimony, and we will not second guess the district court's credibility determination. See CBS Broad., Inc. v. EchoStar Commc'ns Corp., 450 F.3d 505, 517 n.23 (11th Cir. 2006) ("Because appellate courts reviewing a cold record give particular deference to credibility determinations of a fact-finder who had the opportunity to see live testimony . . . we do not second guess the court's judgments." (internal citation and quotation marks omitted)).

The district court correctly determined one overall offense level for Gallashaw, and in doing so properly considered the aggregate quantity of drugs involved in the criminal activity as established by a preponderance of the evidence. Because that quantity was over 150 kilograms of cocaine, § 2D1.1(c)(1) of the sentencing guidelines provides for a base offense level of thirty-eight. The court also properly considered Gallashaw's role as a manager or supervisor, resulting in an upward adjustment of three levels under § 3B1.1(b), as well as his possession of a firearm, which was the basis for an upward adjustment of two levels under § 2D1.1(b)(1), for an overall offense level of 43. Because the court found that Gallashaw fell within criminal history category I, this resulted in an advisory guideline sentence of life. U.S.S.G. ch. 5, pt. A (sentencing table). We find that the court did not err in calculating Gallashaw's advisory guideline sentence. Next,

we address whether Gallashaw's sentence is reasonable, taking into consideration the factors outlined in 18 U.S.C. § 3553(a).

B. Reasonableness of Gallashaw's Sentence

Gallashaw argues that his sentence is unreasonable in light of the § 3553(a) factors. Our reasonableness review is deferential, and "we recognize that a range of reasonable sentences exists from which the district court may choose." United States v. Pope, 461 F.3d 1331, 1333 (11th Cir. 2005). Moreover, the party challenging a sentence on appeal bears the burden of demonstrating that the sentence is unreasonable. See id. Because we find that Gallashaw has not carried that burden, we affirm the sentence imposed by the district court.

At Gallashaw's sentencing hearing, the district court stated that it had considered all of the factors set forth in § 3553(a), and acknowledged that the sentencing guidelines were advisory. While the court did not individually discuss each of the § 3553(a) factors, we have held that nothing in Booker or elsewhere requires the district court to do so. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). It is enough that the court acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. Talley, 431 F.3d at 786. Though Gallashaw received the statutory maximum sentence of seventy years, his correctly calculated advisory guideline sentence was life imprisonment. Gallashaw argues

that the district court should have given more consideration to mitigating factors in crafting his sentence, yet the court stated on the record that it did consider the factors required by the sentencing statute. We find that Gallashaw has not carried his burden of showing that his sentence lies outside the range of reasonable sentences.

## C. Constitutional Error

Gallashaw also contends that the district court treated the guidelines as if they were mandatory, thereby committing Booker error. As noted above, however, the district court expressly treated the guidelines as advisory. See, e.g., R10 at 21 (acknowledging that the sentencing guidelines are advisory). Accordingly, we find that the district court complied with Booker.

Finally, Gallashaw argues that the district court ran afoul of the Supreme Court's holding in Apprendi v. New Jersey by enhancing his sentence on the basis of facts not proven to a jury beyond a reasonable doubt. 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Specifically, Gallashaw argues that the court violated Apprendi by determining that his relevant conduct included responsibility for over 150 kilograms of cocaine, that he was a

manager or leader of his gang, and that he possessed a firearm. This argument fails.

Apprendi held that a court may not sentence a defendant beyond the maximum penalty authorized by statute, based on the facts proven at trial beyond a reasonable doubt. Id. In his first sentencing appeal, we held that the statutory maximum sentences applicable to Gallashaw were five years as to count one, twenty years as to count four, five years as to count ten, and forty years as to count eleven. United States v. Allen, 302 F.3d 1260, 1275-76, 1279 (11th Cir. 2002). These statutory maximums were based upon an unspecified amount of marijuana, and "overwhelming and essentially uncontroverted" evidence at trial that Gallashaw possessed 1809.74 grams of powder cocaine. Id. at 1277-79 (citing United States v. Cotton, 535 U.S. 625, 633, 122 S. Ct. 1781, 1786 (2002)). Thus, the total statutory maximum sentence based upon the quantities of cocaine and marijuana proven at trial was seventy years, the sentence Gallashaw received.

Gallashaw points out that the relevant drug quantities were not alleged in the indictment, and argues that, therefore, they were not proven to a jury beyond a reasonable doubt. Gallashaw raised this argument, and we addressed it, in his first sentencing appeal. See Allen, 302 F.3d at 1276-79. Nonetheless, we reiterate that, under Cotton, it is enough that the evidence as to the relevant quantity of drugs be

11

proven at trial by "overwhelming and essentially uncontroverted" evidence, even if no quantity is alleged in the indictment. 535 U.S. at 633, 122 S. Ct. at 1786 (citation and internal quotation omitted). In <u>Allen</u>, we held that "overwhelming and essentially uncontroverted" evidence was presented at trial that Gallashaw possessed 1809.74 grams of powder cocaine. 302 F.3d at 1277-79. The quantity of drugs proven at trial served as the basis for determining Gallashaw's statutory maximum sentence on each of the counts, which totaled seventy years. <u>See</u> <u>id.</u> Because Gallashaw was sentenced to seventy years of imprisonment, the district court did not sentence him beyond the statutory maximum authorized by the facts proven at trial, and, consequently, there is no <u>Apprendi</u> error.[2]

## II. CONCLUSION

Gallashaw's sentence was within the advisory sentencing guideline range, as properly calculated by the district court. The district court considered the factors outlined in 18 U.S.C. § 3553(a), applied the guidelines in an advisory manner, as required by <u>Booker</u>, and Gallashaw did not establish that his sentence falls outside the range of reasonable sentences. Moreover, the court did not sentence Gallashaw above the statutory maximum sentence based upon the facts proven to a jury at

---

[2] In determining the appropriate advisory guideline range in Gallashaw's case, the district court did consider relevant conduct that was not proven to a jury beyond a reasonable doubt. However, because these facts were not used to sentence Gallashaw beyond the statutory maximum, the district court did not violate <u>Apprendi</u>.

trial.  Because we find no error, we **AFFIRM** Gallashaw's sentence.