[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2007
THOMAS K. KAHN
CLERK

————————————————

No. 05-13164

————————————————

D. C. Docket No. 99-00003-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY SMITH
a.k.a. Bubba,
ANTONIO ALLEN,
a.k.a. Tony Wright,
a.k.a. T. Wright,

Defendants-Appellants.

————————————————

Appeals from the United States District Court
for the Southern District of Florida

————————————————

**(November 8, 2007)**

Before TJOFLAT, FAY and SILER,* Circuit Judges.

—————————————

*Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

SILER, Circuit Judge:

In this consolidated appeal, Corey Smith and Antonio Allen appeal their sentences after remand. Smith appeals his sentence for conspiracy to possess with intent to distribute cocaine and marijuana, possession of a firearm by a convicted felon, and possession with intent to distribute marijuana and cocaine that was imposed after remand in his first appeal, *United States v. Allen*, 302 F.3d 1260 (11th Cir. 2002). Allen, in his third appeal, appeals his sentence for conspiracy to possess with intent to distribute cocaine and marijuana and possession of cocaine with the intent to distribute following our remand to the district court for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).

## I. Corey Smith

First, Smith argues that the district court's application of the "remedial" holding of *Booker* violated the Ex Post Facto Clause of the Constitution. Smith argues, however, that he should receive the benefit of the "constitutional" *Booker* holding that any facts used to sentence him beyond the statutory maximum must be proved to a jury beyond a reasonable doubt.

We have rejected the idea that a court may splice *Booker's* Sixth Amendment holding from the remedial holding and apply only part of *Booker* retroactively. *See United States v. Duncan*, 400 F.3d 1297, 1303-04 (11th Cir.), *cert. denied*, 540 U.S. 940 (2005). Furthermore, we rejected the argument that the application of the *Booker* remedial holding would violate the Ex Post Facto Clause because it would

2

effectively increase the sentence authorized by the jury verdict from the guideline range to the statutory maximum. *Id.* at 1307-08. There is no ex post facto violation in the retroactive application of the remedial *Booker* holding "where, at the time the defendant committed the offense, the United States Code and the guidelines advised the defendant of the statutory maximum sentence and 'that a judge would engage in fact-finding to determine his sentence and could impose up to' the statutory maximum sentence." *United States v. Martinez*, 434 F.3d 1318, 1323-24 (11th Cir. 2006) (quoting *Duncan*, 400 F.3d at 1307).

Smith also asserts that the district court violated the Fifth Amendment Indictment Clause by applying sentencing enhancements not found by the grand jury. We have rejected this argument, holding that there is no Fifth Amendment right under *Blakely v. Washington*, 542 U.S. 296 (2004), or *Booker* to have all sentence-enhancing facts found by a grand jury and charged in the indictment. *See United States v. Thomas*, 446 F.3d 1348, 1355 (11th Cir. 2006).

Smith's next contention is that the district court erred by applying a statutory maximum of forty years to his conviction for Count 11 (possession with the intent to distribute cocaine) when it should have applied a twenty-year statutory minimum because the indictment did not allege a quantity of cocaine.

In *Allen*, we carefully considered this argument and concluded that the evidence of the quantity was "overwhelming" and "essentially uncontroverted" so as to justify a maximum sentence beyond twenty years. 302 F.3d at 1279. Therefore, the district

court properly rejected this argument, finding that the issue had already been decided by this court, and further holding, in accordance with *United States v. Nealy*, 232 F.3d 825, 829 (11th Cir. 2000), that because the evidence of drug quantity was clear and uncontroverted, any error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was harmless.

Smith argues that the district court erred in applying a career offender enhancement to his sentence because the "prior conviction exception" to *Booker* is "gravely wounded." While recent decisions "may arguably cast doubt on the future prospects of *Almendarez-Torres*'s holding regarding prior convictions, the Supreme Court has not explicitly overruled *Almendarez-Torres*." *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005). Therefore, the use of Smith's prior convictions to enhance his sentence under USSG. § 4B1.1 did not violate his constitutional rights.

Smith's argument that his 1994 firearm conviction was related to the instant conspiracy, and thus cannot be used to define him as a career offender under USSG. § 4B1.1, is similarly without merit. At sentencing, Smith challenged the 1994 concealed weapon charge as related to the instant offense. However, he did not object to the probation officer's accounting of the facts of these offenses, only that the conviction was related to the John Doe conspiracy. The undisputed facts show that the offense involved an individual not involved in the John Doe conspiracy, the offense did not occur near a known drug hole, the offense occurred

4

four years prior to the John Doe firearm offenses, and the arrest was the result of a separate investigation of an armed robbery offense. The district court did not err in determining that the offense should be counted toward Smith's career offender status.

Smith also contends that the district court's sixty-year sentence was unreasonable. We review post-*Booker* sentences for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). Under *Booker*, a sentencing court is still obligated to correctly calculate a defendant's Guidelines range. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). The district court must also consider the factors set forth in 18 U.S.C. § 3553(a). *Id.* The party challenging the sentence bears the burden of establishing unreasonableness in light of the § 3553(a) factors and the record below. *Talley*, 431 F.3d at 788.

Upon review of the records and the briefs, we find no reversible error. The district court's sentence was reasonable, given its detailed rationale and the nature and circumstances of the offense. First, the district court correctly calculated Smith's Guidelines range. While the district court may have at first calculated a "constitutional guidelines" range and excluded most enhancements, it later calculated the advisory range properly, including all enhancements that it found by a preponderance of the evidence. Second, the district court explained that its decision to sentence Smith to the statutory maximum for each conviction was based on the large quantity of drugs that Smith was responsible for, his leadership role in

5

the offense, and for his possession of a firearm. Further, the district court explicitly considered each § 3553(a) factor and opined that Smith committed egregious offenses and had a violent criminal history, so significant punishment was necessary to provide deterrence and protect the public. The district court's justification for Smith's sentence shows that it was reasonable.

Smith argues for the first time on appeal that the district court violated his "anti-shuttling" rights under the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2, § 2, by resentencing him while his state criminal proceedings were pending. At the sentencing hearing, Smith's counsel stated his assumption that Smith's state criminal proceedings were complete and that the resentencing would not violate the anti-shuttling law. Smith failed to inform the court of his new pending state charge. Therefore, he waived the protections of the IAD. *See United States v. Scallion*, 548 F.2d 1168, 1174 (5th Cir. 1977) (finding Defendant had waived any violation of the IAD by failing to present the issue to the district court).

## II. Antonio Allen

Allen argues that the district court violated the law of the case doctrine by not following our last opinion in this case, *United States v. Allen*, 142 F. App'x 410 (11th Cir. 2005)("*Allen III*").

"The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality and obedience within the judicial system." *United States v.*

6

*Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996). "An appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." *Id.* Accordingly, "[a] district court when acting under an appellate court's mandate, cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Id.* (internal citations and quotations omitted).

Allen seizes upon one sentence from *Allen III* – "the district court cannot enhance Allen's sentence for his involvement with cocaine base" – to support his argument that the district court could not include cocaine base in its Guidelines calculation. However, in *Allen III*, we repeatedly stated that the district court's error was that it made factual findings regarding the type of cocaine under a mandatory, not advisory, Guidelines scheme. Here, the district court sentenced Allen under an advisory Guidelines standard and did not exceed the statutory maximum sentence based upon the quantity of cocaine powder.

Allen also maintains that his 188-months' sentence was unreasonable. As we noted above, we review post-*Booker* sentences for reasonableness. *Talley*, 431 F.3d at 785. We conclude that the district court's sentence was reasonable. The district court correctly calculated that Allen was responsible for an amount of cocaine that created a base offense level of thirty-two and then enhanced his

sentence by two levels for possession of a firearm. With a criminal history category of I, the district court determined that Allen's Guidelines range was 151 to 188 months' imprisonment. The district court then sentenced Allen to 188 months, a sentence at the top of the Guidelines range. In support, the district court twice stated that it believed that Allen's previous 235-month sentence was reasonable given his role in the offense, but still sentenced him within the Guidelines range. These comments implicate a number of the § 3553(a) factors, such as the nature of the offense and the need to provide just punishment, and Allen fails to show why his within-range sentence is unreasonable.

**AFFIRMED.**